ARTHUR F. WILLIAMS, Respondent, *v.* AIRCOOLED MOTORS, INC., Appellant.

Argued May 26, 1954; decided July 14, 1954.

*Henry S. Fraser* for appellant. I. The predecessor of section 226 of the Election Law was originally enacted to remedy certain historical abuses and was never intended, either in its original or subsequent text, to require premium pay for unworked time. (*People ex rel. Central Union Trust Co.* v. *Wendell,* 197 App. Div. 131, 231 N. Y. 629; *Matter of Frasch,* 245 N. Y. 174; *Wiley* v. *Solvay Process Co.,* 215 N. Y. 584; *Overnight Motor Co.* v. *Missel,* 316 U. S. 572; *Matter of Cole,* 235 N. Y. 48; *Matter of Trosk* v. *Cohen,* 262 N. Y. 430; *Lee* v. *Ideal Roller & Mfg. Co.,* 197 Misc. 389.) II. Respondent is employed at the rate of $1.80 per hour, which is his " usual wages " within the meaning of the statute. III. If the statutory term " usual wages " were construed so as to require the appellant to pay a premium beyond the respondent's customary rate of pay for unworked time, the statute would exceed the police power. (*People* v. *Ford Motor Co.,* 271 App. Div. 141; *Illinois Central R. Co.* v. *Commonwealth,* 305 Ky. 632; *People* v. *Chicago, M. & St. P. R. Co.,* 306 Ill. 486; *Day-Brite Lighting, Inc.,* v. *Missouri,* 342 U. S. 421; *Brown* v. *O'Connor,* 49 F. Supp. 973, 141 F. 2d 1019; *Shelley* v. *Kraemer,* 334 U. S. 1.) IV. The construction placed by the Appellate

Division upon the term " usual wages " causes the statute to invade a field occupied by Congress and thus to be violative of the Constitution of the United States. (*Automobile Workers* v. *O'Brien*, 339 U. S. 454; *Prigg* v. *Commonwealth of Pennsylvania*, 16 Pet. [U. S.] 539; *Southern Ry. Co.* v. *Railroad Comm., Indiana*, 236 U. S. 439; *Napier* v. *Atlantic Coast Line*, 272 U. S. 605; *Matter of Whish* v. *Public Service Comm.*, 205 App. Div. 756, 240 N. Y. 677.)

*Richard T. Mosher* for respondent. I. Failure to pay time and a half for the ninth hour constitutes a prohibited deduction. (*Lee* v. *Ideal Roller & Mfg. Co.*, 197 Misc. 389.) II. The contract and statute are so explicit as to obviate aids to construction. (*Day-Brite Lighting, Inc.*, v. *Missouri*, 342 U. S. 421; *People* v. *Ford Motor Co.*, 271 App. Div. 141.) III. The legislative history of the statute confirms respondent's interpretation. IV. Appellant's construction of " usual wages " would logically exclude hourly rated employees from the statute. V. There is no constitutional inhibition against enforcing the statute according to its terms.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown* and *Ruth Kessler Toch* of counsel), in his statutory capacity under section 71 of the Executive Law. I. Section 226 of the Election Law has been held valid and constitutional, as have statutes of other States having similar purpose and effect. (*People* v. *Ford Motor Co.*, 271 App. Div. 141; *Lee* v. *Ideal Roller & Mfg. Co.*, 197 Misc. 389; *Day-Brite Lighting, Inc.*, v. *Missouri*, 342 U. S. 421; *Ballarini* v. *Schlage Lock Co.*, 100 Cal. App. 2d 859.) II. " Usual salary or wages " which an employee must be paid without " deduction " or " other penalty " under section 226 of the Election Law means salary or wages usually received by an employee at the period within which the election day falls. What elements enter into arriving at the " usual " wages are irrelevant and the statute is in no wise rendered unconstitutional by the fact that such " usual " wages include for some hours a rate of pay more than the straight hourly rate.

Fuld, J. This appeal involves the effect of overtime work rates upon the Election Law provision guaranteeing an employee the right to vote at an election without deduction being made from his " usual salary or wages."

In November of 1952, plaintiff was employed by defendant as an inspector in its factory. As a result of the operative collective bargaining agreement between the employer and the union of which plaintiff was a member, he was entitled to $1.80 an hour for straight time and time and a half, $2.70 an hour, for all work in excess of eight hours a day or forty hours a week. On the week in question, which included Election Day, and ever since May of 1951, the established workday at defendant's plant was nine hours a day and five days a week — which meant that plaintiff earned $17.10 a day and $85.50 a week. Informed by plaintiff that he planned to absent himself on Election Day in order to vote at the polls, defendant designated, as it was privileged to do, the two hours immediately following plaintiff's performance of seven hours of work.

Accordingly, plaintiff, after working seven hours, left the plant to cast his vote and did not return that day. He received as compensation $16.20, instead of the $17.10 which he ordinarily received for nine hours spent on the job. The smaller figure (of $16.20) was arrived at by paying him at the rate of $1.80 an hour, not only for the seven hours actually worked, but for the two additional voting hours as well.

It is plaintiff's claim that he should have received an additional ninety cents, representing time and a half for the hour in excess of eight, and it was for that amount, ninety cents, that he brought suit in the Municipal Court of the City of Syracuse. Upon defendant's motion, that court granted summary judgment dismissing the complaint. The County Court of Onondaga County affirmed, but, on a further appeal, the Appellate Division reversed and granted summary judgment in favor of plaintiff and thereafter granted defendant's motion for leave to appeal to us.

Insofar as relevant, section 226 of the Election Law, after reciting that " Any person entitled to vote at an election shall on * * * [Election Day] be entitled to absent himself " from his employment for two successive hours while the polls are open, provides that " no deduction shall be made from the usual salary or wages of such voter, and no other penalty shall be imposed upon him by his employer by reason of such absence."

The purpose of such a provision is " to eliminate any penalty for exercising the right of suffrage and to remove a practical obstacle to getting out the vote." (*Day-Brite Lighting, Inc.*, v. *Missouri*, 342 U. S. 421, 424.) Section 226 simply guarantees the employee against any loss of compensation by reason of his taking time off to vote. And, relating it to this case, it assures him that, if he works for seven hours and takes off the two hours allowed him to vote, he will be paid the amount he would have received — his " usual salary or wages " — had he not voted and had he remained at his employment for his accustomed full nine hours.

It is defendant's contention, however, that the statute entitles plaintiff only to his usual hourly *rate* of wages — straight time as distinguished from overtime — for the hours taken off to vote. To read the statute in such a way would discriminate against all workers employed at an hourly rate rather than by the day or week and would penalize plaintiff the sum of ninety cents, the difference between straight time and overtime, because he chose to exercise his elective franchise. That could never have been the legislative intent or design, and we perceive no constitutional blight or infirmity if the statute be construed as we have here applied it. (Cf. *Day-Brite Lighting, Inc.*, v. *Missouri, supra,* 342 U. S. 421; *People* v. *Ford Motor Co.*, 271 App. Div. 141.)

The order should be affirmed, with costs.

LEWIS, Ch. J., CONWAY, DESMOND, DYE, FROESSEL and VAN VOORHIS, JJ., concur.

Judgment affirmed.